IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

                Plaintiffs,

v.

JOHN ABBOTT, *et al.*,

                Defendants.

68cv7488 BB-ACE
Rio Santa Cruz Adjudication

and

70cv8650 BB-ACE
Rio de Truchas Adjudication

Consolidated

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Objections to the Special Master's Procedural Order on the Determination of Irrigation Water Requirements filed by the United States (Doc. No. 2622, filed June 8, 2009), Ohkay Owingeh (Doc. No. 2624, filed June 12, 2009), and the Pueblo of Santa Clara (Doc. No. 2625, filed June 12, 2009). For the reasons stated below, the Court will **OVERRULE** the Objections. The Court will **DENY as moot** the State of New Mexico's Unopposed Motion to Establish Filing Dates for Responses and Replies to Objections to the Special Master's Procedural Order on the Determination of Irrigation Water Requirements (Doc. No. 2628, filed June 18, 2009).

**Background**

        The Special Master's Procedural Order orders that:

        1. The scope of Subproceeding II with regard to irrigation water requirements includes (a) all factual and legal issues pertaining to Pre-Columbian irrigation methodologies, and the quantification of the acreage amount and the amount of water to be adjudicated for Ohkay Owingeh's claims based on those methodologies and (b) the amount of acreage which is irrigated by "Post-Columbian" means (those which rely on channelization, defined diversions, or methodologies other than the

>   manipulation of surface water run-off).  The amount of water to be applied to the acreage quantified in (b) will be determined in the unified proceeding.
>
>   2.  In consideration of this Order, parties may amend or supplement expert reports, and shall complete those amendments or supplements within existing deadlines. Parties shall coordinate the timing of any amendments or supplements with other parties.
>
>   3.  The unified proceeding will be held as soon as possible following the completion of the Subproceeding II hearings.  The scope of the unified proceeding will include factual and legal questions regarding any and all methodologies used in determining irrigation water requirements, and the quantification of water rights claims based on those methodologies.  The precise questions to be determined will be framed in the procedural and scheduling orders which will be developed throughout the coming year by the Special Master and interested counsel.

(Doc. No. 2619 at 4, filed May 11, 2009,"Procedural Order").

**Standard of Review**

Federal Rule of Civil Procedure 53(f)(5) provides: "Unless the appointing order establishes a different standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion."  *See United States v. Ortiz*, 804 F.2d 1161, 1164 n. 2 (10th Cir.1986) ("Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.").  The appointing order (Doc. No. 1082, filed April 21, 1994) does not establish a different standard of review.

**Presumptions of Fact**

The United States, Ohkay Owingeh and the Pueblo of Santa Clara ("the Objectors") object to the Procedural Order arguing that the language in the Procedural Order suggests the Special Master incorporated prejudicial presumptions concerning contested facts.  (*See* United States' Objections at 1-8; Ohkay Owingeh's Objections at 1 (joining with the United States' Objections);

Santa Clara's Objections at 1-2). The Objectors assert that "any presumption that the determination of irrigation water requirements will be inherently different for the [Pre-Columbian and Post-Columbian water rights] is an abuse of discretion." (United States' Objections at 8).

The Court will overrule the Objections regarding any alleged prejudicial presumptions of fact. The Procedural Order sets the scope of Subproceeding II with regard to irrigation water requirements and the scope and timing of the unified proceeding. (*See* Procedural Order at 4). The Procedural Order does not expressly state any presumptions nor does it make any findings of fact regarding the determination of irrigation water requirements for Pre- and Post-Columbian water rights. The Procedural Order states "References to 'Pre-Columbian' methods of irrigation are made only for descriptive and narrative purposes, and should not be construed as the Court's approval or acknowledgment of these methodologies in these proceedings." (Procedural Order, n.2, at 2). The Court cannot rule on the Special Master's findings of fact before she files her report. The Parties will have the opportunity to object to any findings of fact after the Special Master files her report. *See* Fed. R. Civ. P. 53(f)(3) ("The court must decide de novo all objections to findings of fact made or recommended by a master").

**State Law Procedural Rule**

The Special Master found that:

This unified proceeding is the equivalent of a "stream system-wide issue," a useful definition of which is found in New Mexico Rule of Civil Procedure 1-071.2(A)(1): A stream system issue is any issue in a stream system adjudication suit conducted pursuant to Section 72-4-17 NMSA 1978 the resolution of which could directly affect the water rights of all or a significant number of water rights claimants, regardless of whether the claimants have been served and joined as defendants.

(Procedural Order ¶ 3, at 2). The United States and Ohkay Owingeh object stating that the Procedural Order "improperly applies state court procedure" by referring to New Mexico Rule of

Civil Procedure 1-071.2(A)(1). (United States' Objections at 1, 8-10; Ohkay Owingeh's Objections at 1 (joining with the United States' Objections)). The Court disagrees. The Procedural Order merely refers to the state rule as "a useful definition" as a means of describing the unified proceeding. Reference to a definition, without more, is not the same as applying state court procedure. *Mugalli v. Ashcroft*, 258 F.3d 52, 60 (2d Cir. 2001); *United States v. Bader*, 2009 WL 2219258 (D. Colo.). The Court will overrule the objection.

**Unified Proceeding**

The United States contends that "it is still unclear whether parties who are bearing the expense of producing their experts for these depositions may be required to do so again during a subsequent unified proceeding and whether participation in the current set of depositions may impair the ability of parties to call for or participate in a second round of depositions of the same witnesses." (United States' Reply at 7-8, doc. No. 2632, filed July 10, 2009). The Pueblo of Santa Clara also seeks clarification that "no party to Subproceeding II will be waiving rights to take depositions during the unified proceeding . . . and that all parties to Subproceeding II shall have the right to amend or supplement any expert reports previously served in Subproceeding II . . . or to serve new reports during the unified proceeding." (Pueblo of Santa Clara's Reply at 10, Doc. No. 2633, filed July 14, 2009).

Nothing in the Procedural Order precludes the parties from participating in the unified proceeding or otherwise suggests to the Court that the Special Master made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. Should the Special Master enter a subsequent order or report that a party believes prejudices the party, that party will have the opportunity to file objections. *See* FED. R. CIV. P. 53(f)(2).

**New Mexico's Motion to Establish Filing Dates**

The State of New Mexico filed its Unopposed Motion to Establish Filing Dates for Responses and Replies to Objections to the Special Master's Procedural Order on the Determination of Irrigation Water Requirements (Doc. No. 2628) on June 18, 2009. The Court, having ruled on the Objections to the Special Master's Procedural Order, will deny the State's Motion to establish filing dates as moot.

**IT IS SO ORDERED.**

**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**