IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO on the relation of State Engineer, | ) ) ) | 68cv07488-BB |
| Plaintiff, | ) ) | 70cv08650-BB Consolidated |
| v. | ) ) | RIO SANTA CRUZ |
| JOHN ABBOTT, et al., | ) ) | RIO DE TRUCHAS |
| Defendants. | ) ) | Pueblo Subproceeding II |

ORDER ON MOTION TO COMPEL

THIS MATTER is before the Special Master on the Truchas Acequias' Motion to Compel Production by Ohkay Owingeh (January 15, 2010, Docket No. 2702), Ohkay Owingeh's Response (February 12, 2010, No. 2711), Ohkay Owingeh's Supplemental Response to Truchas Acequias Request for Production (February 12, 1010, No. 2711-2) and Truchas Acequias' Reply (February 26, 2010, No. 2715). This action is brought in Pueblo Proceeding II, the adjudication of water rights claims of the United States of America on behalf of Ohkay Owingeh and Ohkay Owingeh on its own behalf. *See,* Scheduling Order for Pueblo Claims Subproceeding II, as amended (Nos. 2506, 2576, 2591, 2612, 2709, 2808).

Having reviewed the pleadings and exhibits, and otherwise being fully advised in the premises, I find that the Motion should be GRANTED in part and DENIED in part.

The Truchas Acequias' Motion raised a number of requests, many of which were resolved when Ohkay Owingeh withdrew the majority of its objections. Ohkay Owingeh's Response at 1; Truchas Acequias' Reply at 1. Three requests for production remain: 1) communications by and between Ohkay Owingeh, its counsel and Dr. Kurt Anschuetz; 2) as characterized by the Truchas Acequias - the reviews by Thomas Merlan, Richard Ford, and perhaps other experts, of opposing

experts' reports; as characterized by Ohkay Owingeh - comments and questions provided by the Pueblo's experts to its attorneys for use in depositions of opposing experts; and 3) any agreement between Ohkay Owingeh and the Pueblo of Santa Clara; or, as described by the Truchas Acequias, a memorandum of understanding between Santa Clara Pueblo and Ohkay Owingeh concerning conflicting aboriginal claims.

    1. Dr. Kurt Anscheutz

Materials protected from disclosure include "documents and tangible things ... prepared in anticipation of litigation or for trial by or for a party or that party's representative," F.R.Civ.P. 26(b)(3), and "the facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial," Rule 26(b)(4)(B).

Dr. Anscheutz is expected to be called at a witness by the United States of America, a co-complainant working closely with Ohkay Owingeh. That fact, coupled with his leadership of and collaborative relationship with Ohkay Owingeh's other experts, enlarges his role from litigation expert assisting counsel to a substantive expert.  Within twenty days of the entry of this Order, Ohkay Owingeh shall produce the requested information to the Truchas Acequias.

    2. Thomas Merlan and Richard Ford

Both Thomas Merlan and Richard Ford will be testifying at trial.  They were initially retained as consultants to counsel, but designated as testifying witnesses the next year.  In other words, their initial roles as litigation consultants were quickly transformed into those of expert witnesses.  As such, their reviews and evaluations are subject to discovery.  To the extent not already provided, within twenty days of the entry of this Order, Ohkay Owingeh shall produce the

requested information.

      3. Agreement(s) between the Pueblo of Santa Clara and Ohkay Owingeh

Discovery must be relevant to a party's claim or defense, Rule 26(b)(1). The Truchas Acequias seek discovery of any agreements between the two Pueblos "that may have a bearing on the reports and testimony of Ohkay Owingeh's testifying experts." Motion to Compel at 19. The Truchas Acequias' note of reported rumors of a suspected settlement, Exhibit G, does not constitute a showing of relevance. The Truchas Acequias' request to compel production of these agreements is denied.

      IT IS SO ORDERED.

                                               */s/ Vickie L. Gabin*
                                               SPECIAL MASTER

      THE PARTIES ARE NOTIFIED THAT WITHIN 20 DAYS OF SERVICE of a copy of this order, report, or recommendations, they may file written objections with the Clerk of the Court pursuant to Federal Rule of Civil Procedure 53(f)(2). A party must file any objections with the Clerk of the Court within the twenty-day period if that party wants the District Judge to hear their objections.