**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.*,

            Plaintiffs,

v.

JOHN ABBOTT, *et al.*,

            Defendants.

68cv7488 BB
Rio Santa Cruz Adjudication

and

70cv8650 BB
Rio de Truchas Adjudication

Consolidated

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Ohkay Owingeh's Objections and Motion to Adopt in part Special Master's Order on Motion to Compel (Doc. No. 2827, filed September 27, 2010), the Truchas Acequias' Objections to Special Master's Order on Motion to Compel (Doc. No. 2828, filed September 27, 2010), and the Truchas Acequias' Motion to Adopt in part and Modify in part Special Master's Order on Motion to Compel (Doc. No. 2829, filed September 27, 2010). For the reasons stated below, the Court will **SUSTAIN** Ohkay Owingeh's Objections and **GRANT** Ohkay Owingeh's Motion (Doc. No. 2827), **OVERRULE** the Truchas Acequias' Objections (Doc. No. 2828), and **DENY** the Truchas Acequias' Motion (Doc. No. 2829).

**Procedural Background**

The Truchas Acequias filed their Motion to Compel Production by Ohkay Owingeh (Doc. No. 2702) on January 15, 2010. The Truchas Acequias sought production of: (1) communications by and between Ohkay Owingeh, its counsel and its non-testifying expert Dr. Kurt Anschuetz; (2) the reviews by Ohkay Owingeh's testifying experts Thomas Merlan and Richard Ford of opposing experts' reports; and (3) a memorandum of understanding between Santa Clara Pueblo and Ohkay

Owingeh concerning conflicting aboriginal claims. The Special Master granted the Truchas Acequias' motion as to Anschuetz, Merlan and Ford on the basis that they are testifying experts, and denied the motion as to the memorandum of understanding. (*See* Special Master's Order on Motion to Compel, Doc. No. 2820, filed August 31, 2010). The Truchas Acequias and Ohkay Owingeh filed objections to and motions regarding the Special Master's Order on the motion to compel. After the completion of briefing of the objections and motions, the United States Supreme Court amended provisions in Fed. R. Civ. P. 26 relating to expert discovery.

**2010 Amendments to Rule 26**

Rules 26(a)(2) and (b)(4) were amended, effective December 1, 2010, to address concerns about expert discovery.

> Rule 26(a)(2)(B)(ii) is amended to provide that disclosure include all "facts or data considered by the witness in forming" the opinions to be offered, rather than the "data or other information" disclosure prescribed in 1993. This amendment is intended to alter the outcome in cases that have relied on the 1993 formulation in requiring disclosure of all attorney-expert communications and draft reports. The amendments to Rule 26(b)(4) make this change explicit by providing work-product protection against discovery regarding draft reports and disclosures [of] attorney-expert communications.

Fed. R. Civ. P. 26 advisory committee's note (2010 Amendments). Rule 26(b)(4)(C) provides:

> *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witness*. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(A)(2)(B), regardless of the form of communications, except to the extent that the communications:
>
> (i) relate to compensation for the expert's study or testimony;
>
> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
>
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

"The addition of Rule 26(b)(4)(C) is designed to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery." Fed. R. Civ. P. 26 advisory committee's note (2010 Amendments). In its Order (April 28, 2010) amending Fed. R. Civ. P. 26, the Supreme Court of the United States ordered that the amendments "shall take effect on December 10, 2010, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending."

The Truchas Acequias state that "the Court need not address the Pueblo's arguments concerning amended Rule 26. The changes do not take effect until December 2010, almost a full year after this discovery dispute began and, most likely, after it is finally resolved, and will no doubt raise numerous issues that need not be addressed by this Court now." (*Id.*). The Truchas Acequias do not identify the "numerous issues" that might be raised and do not argue that applying the amended rule would be unjust or impracticable. The Court, finding no injustice or impracticability, will apply Fed. R. Civ. P. 26 as amended in 2010.

**Dr. Kurt Anschuetz, Thomas Merlan and Richard Ford**

The United States retained Dr. Anschuetz to serve as a testifying expert. (*See* Ohkay Owingeh's Objections and Motion at 3). Ohkay Owingeh later retained Dr. Anschuetz as a consulting expert who would not be a testifying expert for Ohkay Owingeh. (*See id.*). Thomas Merlan and Richard Ford are testifying experts for Ohkay Owingeh. (*See* Ohkay Owingeh's Objections at 12). Merlan and Ford prepared comments on the reports of other parties' experts for Okhay Owingeh's counsel's use in deposing the other parties' experts. (*See id.*).

Ohkay Owingeh states that the three exceptions (Fed. R. Civ. P. 26(b)(4)(C)(i-iii) quoted above) to trial preparation protection for communications between a party's attorney and expert

witness are not applicable here. (*See* Ohkay Owingeh's Response at 5, Doc. No. 2845, filed October 13, 2010). The Truchas Acequias do not dispute Ohkay Owingeh's contention that the three exceptions are not applicable. (*See* Truchas Acequias' Reply at 3, Doc. No. 2850, filed October 22, 2010).

Anschuetz' communications with Ohkay Owingeh and its counsel, and Merlan and Ford's comments regarding other parties' experts' reports are communications between Ohkay Owingeh's attorney and experts in preparation for trial and are protected by Rule 26(b)(4)(C). The Court will sustain Ohkay Owingeh's Objections (Doc. 2827, filed September 27, 2010) to producing Anschuetz' communications, and Merlan's and Ford's reviews. The Court will deny that portion of the Truchas Acequias' Motion (Doc. No. 2829, filed September 27, 2010) which asks the Court to adopt the Special Master's Order that Ohkay Owingeh produce Anschuetz's communications and Merlan and Ford's reviews.

**Agreement between the Pueblo of Santa Clara and Ohkay Owingeh**

The Truchas Acequias requested that Ohkay Owingeh be compelled to produce a Memorandum of Understanding ("MOU") between Ohkay Owingeh and Santa Clara Pueblo that was disclosed in Ohkay Owingeh's privilege log. (*See* Truchas Acequias' Objections at 1). The Truchas Acequias object to the Special Master' denial of their request to compel production of the MOU and request that the Court reverse the Special Master's Order on Motion to Compel and order production of the MOU. (*See* Truchas Acequias' Objections, Doc. No. 2828, filed September 27, 2010).

Ohkay Owingeh contends that the MOU is beyond the scope of discovery because it only addresses protocols to be followed in any discussions between the two Pueblos, does not reflect an agreement resolving any potentially overlapping claims, and does not contain any provisions

pertaining to testimony or evidence in this case. (*See* Ohkay Owingeh's Response at 2-4, Doc. No. 2845, filed October 13, 2010).

The Court conducted an *in camera* review of the MOU. (*See* Order, Doc. No. 2853, filed October 26, 2010 (instructing Ohkay Owingeh to submit a copy of the MOU for *in camera* review)). The MOU is as described by Ohkay Owingeh. The Court will grant Ohkay Owingeh's motion to adopt the Special Master's ruling that the MOU is not discoverable. The Court will overrule the Truchas Acequias' Objection to the Special Master's denial of their request to compel production of the MOU and deny their request to order production of the MOU.

**IT IS SO ORDERED.**

*[signature: Bruce D. Black]*

**BRUCE D. BLACK**
**CHIEF UNITED STATES DISTRICT JUDGE**