IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

                Plaintiffs,

     v.

JOHN ABBOTT, *et al.*,

                Defendants.

68cv7488 BB
Rio Santa Cruz Adjudication

and

70cv8650 BB
Rio de Truchas Adjudication

Consolidated

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the State of New Mexico's Motion To Modify Special Master Report [On] Rio De Truchas Acequias Priorities And Customary Allocation Practices (Doc. No. 2855, filed October 26, 2010). For the reasons stated below, the State of New Mexico's Motion will be **GRANTED in part** and **DENIED IN PART**.

**Background**

The Special Master has made the following recommendations:

1.    The priority dates for the five acequias that divert water from the Rio de Truchas are:

        1752 for the Acequia Madre;
        1829 for the Acequia del Llano;
        1852 for the Acequia de la Posesion;
        1874 for the Acequia de los Llanitos; and
        1882 for the Acequia del Llano de Abeyta.

2.    The Court order the State Engineer to: a) make any necessary corrections to the 1970 Hydrographic Survey; and b) exercise his authority to ensure that water is put to beneficial use and not wasted.

> 3. The Court decline to impose sanctions upon the Acequia Madre officials and attorney for delays in producing requested documents and for possible incidents of evidentiary spoliation.
>
> 4. In the final decree, the Court acknowledge the 2/3 - 1/3 allocation of water between the Acequia Llano de Abeyta and Acequia de los Llanitos, and the 1/2, 1/3, 1/6 apportionment of water of the upper acequias between the Acequia Madre, the Acequia del Llano, and the Acequia de la Posesion, respectively.

(Special Master's Report at 24-25, Doc. No. 2728, filed April 2, 2010).

The State of New Mexico does not object to most of the Special Master's Report and asks the Court to modify and clarify recommendations 2 and 4 in the Report. (*See* State's Motion at 3-4). No responses opposing the State's Motion have been filed.[1]

**Corrections to Subfile Orders**

The Special Master and the Acequia parties agree that the 1970 Hydrographic Survey incorrectly identifies the acequias serving certain tracts of land in the area known as El Rincon. (*See* Report at 21-22). The Special Master recommends that the Court order the State Engineer to make any necessary corrections to the 1970 Hydrographic Survey. (*See id.* at 24).

The State notes that subfile orders have already been entered adjudicating the rights for those tracts and that corrections to the 1970 Hydrographic Survey will not amend the subfile orders. (Motion at 2). The State proposes modifying the Special Master's recommendation to provide that "the State recheck the lands in the area known as El Rincon to identify the correct acequia serving those tracts, so that the subfile orders for those tracts may be corrected for the sole, limited purpose of identifying the correct acequia." (*Id.* at 2-3). Because no parties filed a response opposing the

---

[1] The Acequia del Llano de Abeyta ("Abeyta") objected to the Special Master's Report arguing that the Court should reject the 1882 priority date recommended for Abeyta and assign Abeyta a priority date of 1752. (*See* Abeyta's Objections at 26-27, Doc. No. 2854, filed October 26, 2010). The Court will rule on Abeyta's Objection to its recommended priority date in a subsequent order.

State's proposed modification, the Court will grant that portion of the State's Motion seeking to modify the Special Master's recommendation regarding identifying the correct acequias serving certain tracts of land in the area known as El Rincon.

**State Supervision of Apportionment of Water and Prevention of Waste**

Some of the acequias have complained that other acequias have wasted water. (*See* Report at 19-20). The Special Master found that there has been some waste by some of the acequias but that it is difficult to quantify the amount of water wasted. (*See id.* at 20-21). The Special Master recommends that the Court order the State Engineer to "exercise his authority to ensure that water is put to beneficial use and not wasted" by the appointment of "a water master for the stream system to monitor current diversions and uses." (*Id.* at 21, 24).

The State asks the Court to modify the recommendation to clarify how the State Engineer is to exercise his authority by modifying the recommendation to provide that:

> the final decree shall order that a certified copy of the decree be filed in the Office of the State Engineer by the clerk of the court, pursuant to NMSA 1978, § 72-4-19 (1907), to facilitate the State Engineer's supervision of the apportionment of the waters of the stream system adjudicated therein pursuant to NMSA 1978, § 72-2-9 (1907) through a water master appointed by the State Engineer pursuant to NMSA 1978, § 72-3-1, et. seq., (1970).

(Motion at 2). Section 72-4-19 provides:

> *Upon the adjudication of the rights to the use of the waters of a stream system, a certified copy of the decree shall be prepared and filed in the office of the state engineer by the clerk of the court,* at the cost of the parties. Such decree shall in every case declare, as to the water right adjudged to each party, the priority, amount, purpose, periods and place of use, and as to water used for irrigation, except as otherwise provided in this article, the specific tracts of land to which it shall be appurtenant, together with such other conditions as may be necessary to define the right and its priority.

N.M. Stat. Ann. § 72-4-19 (*emphasis added*). Section 72-2-9 states "The state engineer shall have the supervision of the apportionment of water in this state according to the licenses issued by him

and his predecessors and the adjudications of the courts." N.M. Stat. Ann. § 72-2-9. Section 72-3-1 *et. seq.* contain provisions for the appointment, duties, removal and compensation of water masters.

Because the State's proposed modification to the Special Master's recommendation regarding the appointment of a water master is consistent with New Mexico water law and is not opposed by any parties, the Court will grant that portion of the State's Motion seeking to modify the Special Master's recommendation regarding appointment of a water master.

**Water Allocation**

The Special Master's Report recommends priorities for five acequia systems. The three upper acequias, the Acequia Madre, the Acequia del Llano and the Acequia de la Posesion, divert water from the Rio de Truchas east of the town of Truchas. The Acequia Madre discharges water to the two lower acequias, the Acequia del Llano de Abeyta ("Abeyta") and the Acequia de los Llanitos ("Llanitos"), both of which are west of the town of Truchas.

The Special Master found that there is a longstanding, customary ratio of water allocation between Abeyta and Llanitos based on an agreement between the two acequias entered in 1968. (*See* Special Master's Report at 18-19). The Special Master also found that "the 1968 agreement, which appears to be acceptable to both affected acequias and the State, is the equivalent of a community custom pursuant to NMSA 72-9-2 and should be included as written within the final water rights decree on this stream system." (*Id.*). The three upper acequias "ha[ve] called for the Court to recognize the customary 1/2, 1/3, 1/6 apportionment of the water of the upper acequias for the Acequia Madre, the Acequia del Llano, and the Acequia de la Posesion respectively, and should include mention of that custom in the final decree." (*Id.* at 19). None of the five acequias objected to the Special Master's recommendation which reads:

> In the final decree, the Court acknowledge the 2/3 - 1/3 allocation of water between the Acequia Llano de Abeyta and Acequia de Los Llanitos, and the 1/2, 1/3, 1/6 apportionment of the water of the upper acequias between the Acequia Madre, the Acequia del Llano, and the Acequia de la Posesion, respectively.

(Special Master's Report at 25).

"The State requests that the Court not adopt or incorporate these allocations into the final decree, but instead merely take judicial notice of the fact that the allocations exist." (State's Motion at 3). The State also contends that:

> The final decree should clarify that judicial notice is for the limited purpose that those allocations exist as evidenced in those written documents [the 1904 minutes of the meeting held by the commissioners of the upper acequias and the 1968 agreement between the lower acequias] and should not be interpreted as the adoption or approval of those allocations in this adjudication, and that any challenge to enforce those allocation or agreements should be the subject of a separate proceeding in the court having original jurisdiction over such actions.

(*Id.*).

New Mexico state law requires that the contents of the final decree include the elements of each adjudicated water right "together with such other conditions as may be necessary to define the right and its priority." N.M. Stat. Ann. § 72-4-19. The State's argument that the "allocations [should] be included only as a general condition of the exercise of the water rights, not as an adjudicated element," and the State's proposed modification clarifying that the allocations are not adopted or approved in this adjudication and "any challenge to enforce those allocations or agreements should be the subject of a separate proceeding in the court having original jurisdiction over such actions" suggest that the allocations are not necessary to define the various rights served by the acequias. (*See* Motion at 3). In addition, the State's reference to potential challenges to enforce those allocations raises the issue of whether the Court can take judicial notice of the allocations. *See* Fed. R. Civ. P. 201(b) ("A judicially noticed fact must be one not subject to

5

reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *United States v. Estep*, 760 F.2d 1060, 1063 (10th Cir. 1985) (judicial notice "doctrine demands that a court only notice matters that are verifiable with certainty).

The State cites no legal authority for its proposed modification of the Special Master's recommendation regarding judicial notice of water allocation. Although none of the five acequias filed a response opposing the State's proposed modification, there is no indication that the five acequias concurred with the State's proposed modification. The Special Master indicated that one acequia, Abeyta, filed an *inter se* objection in 1975 objecting to the 2:1 allocation and requested a different allocation based on the acreages adjudicated to each defendant in the partial final decree. (*See* Special Master's Report at 18). The Special Master noted that "Abeyta *appears* to be backing away from its *inter se* objection" but also stated that Abeyta's position is not as clear as her summary of the issue would represent and that she is "unclear as to whether an issue even exists." (*Id.* at 19) (*emphasis added*).

The Court will deny that portion of the State's Motion that seeks to add language to the final decree indicating that the Court takes judicial notice of the water allocations. If the State and/or the parties believe that some language regarding the water allocations is necessary to define the adjudicated water rights, they may file a motion requesting that such language be included in the final decree. Any such motion must cite authority in support of the legal positions advanced and include evidence in support of any allegations of fact. *See* D.N.M.LR-Civ. 7.3.

**IT IS SO ORDERED.**

_____
**BRUCE D. BLACK
CHIEF UNITED STATES DISTRICT JUDGE**