IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO ex rel., STATE ENGINEER, et al., | CIVIL NO.   68-7488 KWR/JHR Rio Santa Cruz Adjudication |
| Plaintiffs, | |
| vs. | and |
| JOHN ABBOTT, et al., | CIVIL NO.   70-8650 KWR/JHR Rio de Truchas Adjudication |
| Defendants. | CONSOLIDATED |

**ORDER TO SHOW CAUSE**
**REGARDING POTENTIAL CONFLICT AND SCOPE OF REPRESENTATION**

Plaintiff State of New Mexico ("State") filed a Motion for Order Making Final Determination of Priority Dates of Four Community Acéquias in the Rio de Truchas Stream System. *See* Doc. 3046, filed February 6, 2024 ("Motion"). Mary E. Humphrey, counsel for La Acequia de la Sierra and its member acequias ("Truchas Acequias"), filed a Motion for Leave to File Sur-Reply to the State's Motion. *See* Doc. 3060, filed May 3, 2024 ("Surreply Motion").

The State raises two issues regarding Ms. Humphrey's representation of the Truchas Acequias: (i) Ms. Humphrey's potential conflict of interest; and (ii) Ms. Humphrey's scope of representation. The State asserts that "[t]here is a conflict with Ms. Humphrey representing the five acequias in matters related to priority dates since Sierra and Abeyta are on opposing sides of the issue. Furthermore, her limited entry of appearance does not cover matters of priority." Reply to Response to Motion at 9, ¶ 6, Doc. 3059, filed April 3, 2024; Response to Surreply Motion at 6, ¶ 1, Doc. 3061, filed May 17, 2024 (quoting Ms. Humphrey's letter to the Commissioners of the Truchas Acequias which states "I cannot and do not represent any individual acequia on the priorities issue or on any issue that could be either an actual or a perceived conflict between any

of the individual acequias"). The State also asserts that:

> Ms. Humphrey's stated litigation position for her purported clients the "Truchas Acequias" . . . is in direct opposition to that of one of them—La Acequia de la Sierra . . . The five Truchas acequias' interests are not common on this issue. Sierra and Abeyta have been in opposition since Abeyta's 1975 *inter se* objection. In the 1990s there was extensive litigation between Abeyta and Sierra regarding priorities. Further litigation occurred between 2010 and 2014 in which Abeyta and Sierra filed opposing motions.

Response to Surreply Motion at 7-9, ¶¶ 7-8.

Ms. Humphrey states "[e]ach of the five acequias have signed waivers of conflict in interest in regard to counsel's representation in matters that concern all five acequias." Surreply Motion at 4. The State notes that Ms. Humphrey "does not claim these waivers pertain to priorities" and "does not produce these waivers so their content can be independently assessed." Response to Surreply Motion at 8. Ms. Humphrey then states "[t]he Truchas Acequias have been unable to contest the argument and materials presented in the State's Reply regarding an alleged conflict of [interest] by undersigned counsel." Reply to Surreply Motion at 4, ¶ 9.

To avoid any issues arising from any conflict of interest or from Ms. Humphrey acting outside the scope of representation agreed to by her clients, the Court will address those issues before the Court addresses the State's Motion and the Truchas Acequias' Surreply Motion. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

The Rules of Professional Conduct adopted by the Supreme Court of New Mexico apply to and place requirements on attorneys in this case regarding potential conflicts and scope of

representation.  *See* D.N.M.LR-Civ. 83.9; N.M.R.A. 16-107, Conflict of interest, current clients; N.M.R.A. 16-303(E), Limited entry of appearance, lawyer's duty.

New Mexico Rule of Professional Conduct 16-107 provides:

> **A. Representation Involving Concurrent Conflict of Interest.** Except as provided in Paragraph B of this rule, a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> **B. Permissible Representation When Concurrent Conflict Exists.** Notwithstanding the existence of a concurrent conflict of interest under Paragraph A of this rule, a lawyer may represent a client if:
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

N.M.R.A. 16-107.

New Mexico Rule of Professional Conduct 16-303(E), Limited Entry of Appearance; Lawyer's Duty, provides: "In all proceedings where a lawyer appears for a client in a limited manner, that lawyer shall disclose to the tribunal the scope of representation." N.M.R.A. 16-303(E).

Ms. Humphrey shall, within 21 days of entry of this Order, show cause why the Court should consider her Response to the State's Motion and her Surreply Motion by showing: (i) either there is no concurrent conflict of interest as defined in N.M.R.A. 16-107(B) or, if there is a concurrent conflict of interest, that her representation of her clients in this matter complies

3

with N.M.R.A. 16-107(B); and (ii) the scope of her representation of her clients includes representing them on issues presented in the State's Motion, *see* N.M.R.A. 16-303(E).  The State may file a response within 14 days of service of Ms. Humphrey's response to this Order.  Ms. Humphrey may file a reply within 14 days of service of the State's response.

    **IT IS SO ORDERED.**

_____
**JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**